**CT Corporation**

**Service of Process Transmittal**
08/27/2014
CT Log Number 525594448

**TO:** Nancy Tavarez
Altisource Portfolio Solutions
2002 Summit Boulevard, Suite 600
Atlanta, GA 30319

**RE:** Process Served in Iowa

**FOR:** Nationwide Credit, Inc. (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Hull, Pltf. vs. Ocwen Loan Servicing, LLC and Nationwide Credit, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Petition and Demand |
| **COURT/AGENCY:** | In the IOWA District Court for Union County, IOWA, ., . Case # NONE |
| **NATURE OF ACTION:** | Violation of the Federal Fair Debt Collection Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Des Moines, IA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/27/2014 at 11:48 |
| **JURISDICTION SERVED:** | Iowa |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | L. Asley Zubal
4225 University Ave
Des Moines, IA 50311
515-276-7211 |
| **REMARKS:** | |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/28/2014, Expected Purge Date: 09/02/2014
Image SOP
Email Notification, Claims Intake claimsintake@altisource.com
Email Notification, Amy Rose Amy.Rose@altisource.lu
Email Notification, Nancy Tavarez Nancy.Tavarez@altisource.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 400 East Court Avenue
Suite 110
Des Moines, IA 50309 |
| **TELEPHONE:** | 602-277-4792 |



Page 1 of 1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## IN THE IOWA DISTRICT COURT FOR UNION COUNTY, IOWA

| | |
|---|---|
| ROBERT HULL,<br><br>    Plaintiff,<br><br>Vs.<br><br>NATIONWIDE CREDIT, INC.,<br><br>    Defendant. | Case No. _____<br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE NAMED DEFENDANT:    NATIONWIDE CREDIT, INC.
c/o C T Corporation System
500 East Court Ave
Des Moines, IA 50309

You are hereby notified that a petition has been filed in the office of the Clerk of this Court naming you as the Defendant in this action. A copy of the Petition (and documents filed with it) is attached to this notice. The attorney for the Plaintiff is L. Ashley Zubal, Marks Law Firm, P.C., 4225 University Ave., Des Moines, Iowa 50311, Phone (515) 276-7211 and Fax (515) 276-6280.

You must serve a Motion or Answer within 20 days after service of this original notice upon you and, within reasonable time thereafter, file a motion or answer with the Clerk of Court for Polk County, at the county courthouse at: 500 Mulberry Street, Room 212, Des Moines, IA 50309. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 641-421-0990. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

_____
CLERK OF THE ABOVE COURT

**IMPORTANT**
YOU ARE ADVISED TO SEEK LEGAL ADVISE AT ONCE TO PROTECT YOUR INTERESTS

IN THE IOWA DISTRICT COURT
FOR UNION COUNTY, IOWA

| ROBERT HULL, Plaintiff, Vs. OCWEN LOAN SERVICING, LLC and NATIONWIDE CREDIT, INC. Defendants. | Case No. _____ PETITION & DEMAND FOR JURY TRIAL |
|---|---|

COMES NOW the Plaintiff, Robert Hull (hereinafter "Plaintiff" or "Hull"), and in support of the above-captioned Petition states:

## I.   PARTIES AND JURISDICTION

1. The Plaintiff is an individual who is a resident of Union County, Iowa.
2. The Defendant, Ocwen Loan Servicing, LLC (hereinafter "Defendant" or "Ocwen") is a Foreign Corporation who is registered to do business in and under the laws of the State of Iowa.
3. The Defendant, Nationwide Credit, Inc. (hereinafter "Defendant" or "Nationwide") is a Foreign Corporation who is registered to do business in and under the laws of the State of Iowa.
4. Venue is proper in Union County Iowa pursuant to Iowa Code § 617.3.
5. The amount in controversy exceeds the jurisdictional amount of the small claims court pursuant to Iowa Code § 631.1.

## II.   STATEMENT OF FACTS

6. On or about May 25, 2006, the Plaintiff and his spouse, Tessa Hull (hereinafter referred to as "Tessa" or "Hull"), executed a Promissory Note (hereinafter referred to as the "Note") which was secured by a Mortgage (hereinafter referred to as the "Mortgage") in

1

favor of Mortgage Electronic Registration Systems, Inc. Both the Note and the Mortgage were recorded in the office of the Wayne County Recorder's Office on June 06, 2006, in Instrument No. 06-1025, upon the real estate legally described as (hereinafter referred to as "the Property"):

> Lots One Hundred Seventy-nine and One Hundred Eighty in the Original Town of Humeston, Wayne County, Iowa

7. Mortgage Electronic Registration Systems, Inc. sold, assigned and delivered to LaSalle Bank National Association (hereinafter referred to as "LaSalle"), as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificated, Series 2006-5, the Note and Mortgage referred to herein.
8. On or about June 05, 2008, LaSalle elected an in rem foreclosure action against the Plaintiff, identified as LaSalle Bank National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificated, Series 2006-5 vs. Robert Hull, et al, in the Iowa District Court for Wayne County and assigned Case No. EQCV00068.
9. Upon information and belief, Litton Loan Servicing, LP (hereinafter referred to as "Litton"), was servicing the Note and Mortgage on behalf of LaSalle and for the duration of the above-referenced foreclosure action.
10. Upon application for default judgment, a foreclosure decree was entered against the Property on October 07, 2008.
11. LaSalle failed, pursuant to the requirements as set forth in Iowa Code § 615.1, to execute sale of the Property and extinguish all judgment liens within two years of entry of the foreclosure decree.
12. On or about October 14, 2011, Ocwen began servicing the purported Note and Mortgage.
13. On January 11, 2012, the Plaintiff and his spouse, Tessa, initiated an action seeking quiet title of the Property, identified as: Robert Hull and Tessa Hull vs. Ocwen Loan Servicing LLC, LaSalle Bank National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset –Backed Certificates Series 2006-5 Ownit Mortgage, Litton Loan Servicing, Resolve Collection Corporation, and all Other Parties Having Claim to Possession, in the Iowa District Court in and for Wayne County, Case no. EQCV023087.

14. On or about October 31, 2012, Judge Phipps Sherman entered an Order wherein the parties, signed by counsel for Robert Hull and Tessa Hull, and signed by counsel for Ocwen, stipulated that the Property in the action to quiet title was owned by Robert Hull and Tessa Hull and further finding the Mortgage invalid and unenforceable. The parties further stipulated that any judgment lien against said property was null and void and Ocwen released any and all claims to the Property.

15. Since the above-referenced Order was entered, Ocwen has continued to misrepresent a lien interest in the Property and has continued to engage in collection efforts relating to the Note and Mortgage.

16. Ocwen has continued to send the Plaintiff monthly billing correspondence demanding payment.

17. Ocwen has forwarded correspondence to the Plaintiff threatening foreclosure and demanding payment from the Plaintiff as a result of forced-placed insurance.

18. Ocwen has damaged the Plaintiff's credit rating by continuing to report a negative and derogatory trade-line which indicates, in part, the following: Pay Status: Account 120 Days Past Due Date; High Balance: High Balance of $67,900 from 01/20/2012 to 03/20/2012; $67,900 from 06/2012 to 07/2012; $67,900 from 10/2012 to 10/2012.

19. Over the course of Ocwen's attempts to collect, the Plaintiff has exhausted all efforts to mitigate the Defendant's behavior, including but not limited to the following: numerous verbal and written disputes, including credit reporting disputes.

20. Notwithstanding the consent order dated October 31, 2012, and further notices and disputes from the Plaintiff, Ocwen has continued to engage in illegal collection efforts, illegal and inaccurate credit reporting, and fraudulent assignment of account, among others.

21. Ocwen's actions as set forth in this Petition were made intentionally and with knowledge and therefore constitute willful conduct.

22. At some point in time, Ocwen transferred or otherwise assigned servicing of the Note and Mortgage to the Defendant, Nationwide.

23. Upon receiving an initial notice of assignment, the Plaintiff has disputed with Nationwide, verbally and in writing, Ocwen's lack of interest in the Property.

24. Notwithstanding notice as referenced above, Nationwide has continued illegal collection efforts, which include, but are not limited to: forwarding written correspondence to the Plaintiff demanding payment, offering settlement, threatening foreclosure, among others.

25. On or about November 06, 2012 and November 07, 2012, Nationwide impermissibly pulled the Plaintiff's TransUnion credit report. The Plaintiff does not have, nor has he ever had, a credit relationship with Nationwide.

26. Nationwide's actions as set forth in this Petition were made intentionally and with knowledge and therefore constitute willful conduct.

27. As a result of the above-referenced communications and actions of Ocwen, the Plaintiff has experienced the following damages including, but not limited to: out of pocket expenses, embarrassment, humiliation, frustration, anger, confusion, stress, fear, loss of sleep, loss of concentration at work, feelings of hopelessness, headaches, anxiety, negative impact on job, negative impact on relationships, among others.

28. As a result of the above-referenced communications and actions of Nationwide, the Plaintiff, has experienced the following damages including, but not limited to: out of pocket expenses, embarrassment, humiliation, frustration, anger, confusion, stress, fear, loss of sleep, loss of concentration at work, feelings of hopelessness, headaches, anxiety, negative impact on job, negative impact on relationships, among others.

### COUNT I: Plaintiff's First Cause of Action Against Defendant Ocwen
### Violation of the Federal Fair Debt Collection Practices Act (FDCPA)
### (15 U.S.C. § 1692 *et seq.*)

29. The Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.

30. The Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

31. Ocwen is a debt collector as defined by 15 U.S.C. § 1692a(6). Ocwen acquired the alleged mortgage after the loan was in default.

32. Ocwen has attempted to collect a consumer debt as the term is defined by 15 U.S.C. § 1692a(5).

33. Ocwen's conduct in attempting to collect the consumer debt that is the basis for the above-captioned lawsuit violates numerous regulations of the 15 U.S.C. § 1692 *et seq.* including but not limited to the following:
    a. 15 U.S.C. § 1692c(c) by continuing to communicate with the Plaintiff subsequent to the Plaintiff's request to cease communication;
    b. 15 U.S.C. § 1692e(2)(A) through the false representation of the character, amount, or legal status of a debt;
    c. 15 U.S.C. § 1692e(5) through the threat to take any action that cannot legally be taken;
    d. 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
    e. 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;
    f. 15 U.S.C. § 1692e(11) through the failure, in every communication, to state the communication is from a debt collector and any information would be used for that purpose;
    g. 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect a debt;
    h. 15 U.S.C. § 1692f(1) through the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law;
34. The Plaintiff is entitled to actual damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1692k(1) for Ocwen's above-described conduct.
35. The Plaintiff is entitled to have his costs of this action paid by Ocwen pursuant to 15 U.S.C. § 1692k(3).
36. The Plaintiff is entitled to have his attorney fees paid by Ocwen pursuant to 15 U.S.C. § 1692k(3).

WHEREFORE the undersigned prays that the Court award the Plaintiff statutory damages, actual damages, costs, attorney fees, and for such other and further relief the Court deems just and equitable in the premises.

### COUNT II: Plaintiff's Second Cause of Action Against Defendant Ocwen
#### Invasion of Privacy

37. The Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.
38. Ocwen's continued reporting of false information on the Plaintiff's credit report violates the Plaintiff's right to privacy.
39. Ocwen intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.
40. Ocwen intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of attempting to collect a debt and misrepresenting an interest in the Property, thereby invading and intruding upon Plaintiff's right to privacy.
41. The Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and or private concerns or affairs.
42. These intrusions and invasions by Ocwen occurred in a way that would be highly offensive to a reasonable person in the Plaintiff's position.
43. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

WHEREFORE, the Plaintiff prays for judgment against Ocwen in an amount representing full and fair compensation for the injuries and damages as set forth above, costs, attorney fees, and for such other and further relief the Court deems just and equitable in the premises.

### COUNT III: Plaintiff's Third Cause of Action Against Defendant Ocwen
#### Fraud

44. The Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.
45. As set forth in the Statement of Facts, Ocwen and/or its predecessors in interest were advised, on multiple occasions, through verbal and written communication, of the legal

status of the Mortgage and Note. In addition, multiple demands to cease and desist were made.

46. Ocwen continued collection efforts and continued to misrepresent an interest in the Mortgage and Note with actual knowledge that Ocwen had no interest. Ocwen's conduct also included, but was not limited to, inaccurate credit reporting and assigning their purported interest to Nationwide for further illegal collection efforts.

47. Ocwen's continued collection efforts and misrepresentations caused the Plaintiff to rely on said misrepresentations and to repeatedly seek the advice and legal protection of counsel. Considerable time was spent engaging several attorneys to make every effort to mitigate Ocwen's efforts.

48. The allegations as set forth in this Petition, and misrepresentation of a valid legal interest in the assignment of the alleged debt, are false and thereby made with the intent to deceive the Plaintiff.

49. The Plaintiff has been damaged by Ocwen as previously described.

WHEREFORE, the Plaintiff prays for judgment against Ocwen in an amount representing full and fair compensation for the injuries and damages as set forth above, costs, attorney fees, and for such other and further relief the Court deems just and equitable in the premises.

### COUNT IV: Plaintiff's First Cause of Action Against Defendant Nationwide
### Violation of the Federal Fair Debt Collection Practices Act (FDCPA)
### (15 U.S.C. § 1692 *et seq.*)

50. The Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.

51. The Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

52. Nationwide is a debt collector as defined by 15 U.S.C. § 1692a(6).

53. Nationwide has attempted to collect a consumer debt as the term is defined by 15 U.S.C. § 1692a(5).

54. Nationwide's conduct in attempting to collect the consumer debt that is the basis for the above-captioned lawsuit violates numerous regulations of the 15 U.S.C. § 1692 *et seq.* including but not limited to the following:

a. 15 U.S.C. § 1692c(c) by continuing to communicate with the Plaintiff subsequent to the Plaintiff's request to cease communication;

b. 15 U.S.C. § 1692e(2)(A) through the false representation of the character, amount, or legal status of a debt;

c. 15 U.S.C. § 1692e(5) through the threat to take any action that cannot legally be taken;

d. 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

e. 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

f. 15 U.S.C. § 1692e(11) through the failure, in every communication, to state the communication is from a debt collector and any information would be used for that purpose;

g. 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect a debt;

h. 15 U.S.C. § 1692f(1) through the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

55. The Plaintiff is entitled to actual damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1692k(1) for Nationwide's above-described conduct.

56. The Plaintiff is entitled to have his costs of this action paid by Nationwide pursuant to 15 U.S.C. § 1692k(3).

57. The Plaintiff is entitled to have his attorney fees paid by Nationwide pursuant to 15 U.S.C. § 1692k(3).

WHEREFORE the undersigned prays that the Court award the Plaintiff statutory damages, actual damages, costs, attorney fees, and for such other and further relief the Court deems just and equitable in the premises.

### COUNT V: Plaintiff's Second Cause of Action Against Defendant Nationwide
Violation of the Federal Fair Credit Reporting Act (FCRA)
(15.S.C. § 1681 *et seq.*)

58. The Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.
59. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681(a)(c).
60. Nationwide is a "person" as defined by 15 U.S.C. § 1681(a)(b).
61. On November 06, 2012 and November 07, 2012, Nationwide impermissibly pulled the Plaintiff's credit report from TransUnion Credit Bureau.
62. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).
63. The report was a "consumer report" or a "credit report" as defined by 15 U.S.C. § 1681a(d).
64. Nationwide never received permission from the Plaintiff to obtain his credit report.
65. The Plaintiff never applied for credit or financing from Nationwide.
66. At the time of the credit report pull, Nationwide did not have any legal or permissible reason to pull the Plaintiff's credit report.
67. Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.
68. In connection with the credit report pull, Nationwide acted willfully, knowingly, and in conscious disregard for the rights of the Plaintiff under the FCRA.
69. As a result of Nationwide's willful practice, Nationwide is liable under 15 U.S.C. § 1681n for punitive damages in an amount sufficient to deter Nationwide from engaging in this kind of illegal practice in the future.
70. As a result of Nationwide's willful practice, Nationwide is liable under 15 U.S.C. § 1681n for the costs of this action as well as for reasonable attorney fees.

WHEREFORE the undersigned prays that the Court award the Plaintiff punitive damages, costs, attorney fees, and for such other and further relief the Court deems just and equitable in the premises.

### COUNT VI: Plaintiff's Third Cause of Action Against Defendant Nationwide
**Invasion of Privacy**

71. The Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.
72. Nationwide's impermissible pull of the Plaintiff's credit report without his knowledge or authorization violated the Plaintiff's right to privacy.
73. Nationwide intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.
74. Nationwide intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of attempting to collect a debt and misrepresenting an interest in the Property, thereby invading and intruding upon the Plaintiff's right to privacy.
75. The Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and or private concerns or affairs.
76. These intrusions and invasions by Nationwide occurred in a way that would be highly offensive to a reasonable person in the Plaintiff's position.
77. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages and punitive in an amount to be determined at trial.

WHEREFORE, the Plaintiff prays for judgment against Nationwide in an amount representing full and fair compensation for the injuries and damages as set forth above, costs, attorney fees, and for such other and further relief the Court deems just and equitable in the premises.

### COUNT VII: Plaintiff's Fourth Cause of Action Against Defendant Nationwide
**Fraud**

78. The Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.

79. As set forth in the Statement of Facts, Nationwide and/or its predecessors in interest were advised, on multiple occasions, through verbal and written communication, of the legal status of the Mortgage and Note. In addition, multiple demands to cease and desist were made.
80. Nationwide continued collection efforts and continued to misrepresent an interest in the Mortgage and Note with actual knowledge that Ocwen had no interest.
81. Nationwide's continued collection efforts and misrepresentations caused the Plaintiff to rely on said misrepresentations and to repeatedly seek the advice and legal protection of counsel. Considerable time was spent engaging several attorney's to make every effort to mitigate Nationwide's efforts.
82. The allegations as set forth in this Petition, and misrepresentation of a valid legal interest in the assignment of the alleged debt, are false and thereby made with the intent to deceive the Plaintiff.
83. The Plaintiff has been damaged by Nationwide as previously described.

WHEREFORE, the Plaintiff prays for judgment against Nationwide in an amount representing full and fair compensation for the injuries and damages as set forth above, costs, attorney fees, and for such other and further relief the Court deems just and equitable in the premises.

### III.   JURY DEMAND

COMES NOW, the Plaintiff and hereby prays a trial by jury.

MARKS LAW FIRM, P.C.

/s/ L. Ashley Zubal
L. Ashley Zubal  AT0009558
4225 University Ave
Des Moines, IA 50311
Tel: 515-276-7211
Fax: 515-276-6280
Email:Ashley@markslawd.com
ATTORNEY FOR PLAINTIFF

E-FILED 2014 AUG 28 11:40 AM UNION - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR UNION COUNTY, IOWA

Robert Hull,

    Plaintiff,

vs.

Ocwen Loan Servicing, Inc.,

    Defendant.

Case No. CVCV017633

Affidavit of Service

I, Linda Mathews, being first duly sworn, depose and state that I am over the age of 18 years and do not have an interest in nor am I a party in the above-referenced action.

**Documents Served Were:** Original Notice; and Petition & Demand for Jury Trial

**To be Served On:** Ocwen Loan Servicing, Inc. c/o Corporation Service Company, R.A., Corporation Service Company, 505 Fifth Avenue, Suite 729, Des Moines, IA 50309

**Date and Time Served:** August 27, 2014, 1:44 PM

**Method of Service:** Corporate

**Recipient, Relationship and Address Where Served:** Sharon Walters, Receptionist, Corporation Service Company, 505 Fifth Avenue, Suite 729, Des Moines, IA 50309

**Description:** Gender: Female   Race/Skin: White   Hair: Grey   Glasses: Yes   Age: 65   Height: 5'7   Weight: 225

I declare under penalty of perjury that the above is true and correct.

*[signature]*
Linda Mathews, Process Server
Independent Contractor for Iowa Process Service
3101 Ingersoll Avenue, Suite 210
Des Moines, IA 50312
Phone: 877-816-4696
Job ID: 14-012629

Subscribed and sworn to before me this 28th day of August, 2014, by the affiant who is personally known to me.

*[signature]*
Notary Public

KATHI RIPPERGER
Commission Number 131958
My Commission Expires
April 25, 20__17__

E-FILED  2014 AUG 28 11:41 AM UNION - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR UNION COUNTY, IOWA

Robert Hull,

    Plaintiff,

vs.

Nationwide Credit, Inc.,

    Defendant.

Case No. CVCV017633

Affidavit of Service

I, Linda Mathews, being first duly sworn, depose and state that I am over the age of 18 years and do not have an interest in nor am I a party in the above-referenced action.

**Documents Served Were:** Original Notice; and Petition & Demand for Jury Trial

**To be Served On:** Nationwide Credit, Inc. c/o CT Corporation System, R.A., CT Corporation System, 400 East Court, Des Moines, IA 50309

**Date and Time Served:** August 27, 2014, 11:48 AM

**Method of Service:** Corporate

**Recipient, Relationship and Address Where Served:** Laura Graham, Administrative Assistant, CT Corporation System, 400 East Court, Des Moines, IA 50309

**Description:** Gender: Female   Race/Skin: White   Hair: Red   Glasses: Yes   Age: 42-45   Height: 5'7   Weight: 200

I declare under penalty of perjury that the above is true and correct.

Linda Mathews, Process Server
Independent Contractor for Iowa Process Service
3101 Ingersoll Avenue, Suite 210
Des Moines, IA  50312
Phone: 877-816-4696
Job ID: 14-012630

Subscribed and sworn to before me this 28th day of August, 2014, by the affiant who is personally known to me.

Notary Public



KATHI RIPPERGER
Commission Number 131958
My Commission Expires
April 25, 20 17